**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4856**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT LEE REID,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:17-cr-00222-1)

Submitted:  April 18, 2019                          Decided:  April 22, 2019

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Joseph F. Adams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Reid pled guilty without a plea agreement to two counts of theft of firearms from a federal firearms licensee ("FFL") in violation of 18 U.S.C. § 922(u), (2012), aiding and abetting the theft of firearms from a FFL in violation of 18 U.S.C. § 922(u), and aiding and abetting the possession of stolen firearms in violation of 18 U.S.C. § 922(j). The district court sentenced him to 57 months in prison. On appeal, Reid argues that his sentence is substantively unreasonable because the district court imposed a sentence that is longer than necessary to comply with the factors stated in 18 U.S.C. § 3553(a)(2) and substantially longer than the sentence of his codefendant.

"We review criminal sentences for reasonableness using an abuse of discretion standard." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). We review sentences for both procedural reasonableness and substantive reasonableness. *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). Reid does not argue that his sentence is procedurally unreasonable. "A sentencing court must impose a sentence sufficient, but not greater than necessary, to serve the purposes of the Guidelines and factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (internal quotation marks omitted). In reviewing the substantive reasonableness of a sentence, "we look to the totality of the circumstances to determine whether the district court abused its discretion in applying the standards set out in Section 3553(a)(2)." *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015). Sentences that are within or below the properly-calculated Guidelines range are presumptively substantively reasonable. The presumption of reasonableness "can only be rebutted by showing that

2

the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted).

After reviewing the record, we are not persuaded that the district court abused its discretion in imposing Reid's sentence. The district court thoroughly discussed the applicable § 3553(a) factors before imposing his within-Guidelines sentence. Accordingly, Reid's sentence is presumptively substantively reasonable, and he does not rebut this presumption. To the extent that Reid argues that there was an improper disparity between his sentence and that of his codefendant, we conclude such argument is without merit.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*